# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CARD, | ) | CASE NO. 1:10-CV-1217 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant City of Cleveland (the "City") to dismiss this action, pursuant to Fed. R. Civ. P 12(b)(6). (Doc. No. 16 ["MTD"].) Plaintiff Linda Card ("Card") did not file an opposition to the motion, and the time for filing such a response has passed. Because the doctrine of res judicata bars Card's claims, as more fully explained below, the City's motion is granted and this case is dismissed.

## I. BACKGROUND

*Federal Action*

The parties have been litigating matters relating to Card's employment with and termination from the City in multiple forums for more than a decade. Prior to September 12, 2008, Card was employed by the City in the Division of Water. On October 1, 2008, Card filed a class action in federal court claiming that the City failed to promote her within the water department to the position of plant operator, instead awarding positions to less qualified white male candidates. (N.D. Ohio Case No. 1:08CV2325 ["Federal Action"].) In her amended

complaint, she alleged that the City's actions were the result of unlawful race and gender discrimination. (Doc. No. 8 at 31.[1]) She also maintained that she was passed up for promotion in retaliation for her previous complaints about the City's failure to promote her and other qualified female candidates. (*Id*.)

On July 14, 2011, the court entered an order and judgment granting final approval of the parties' settlement. (Doc. No. 39; *see* Doc. No. 36 (Settlement Agreement).) Specifically, the settlement "resolve[d] all claims and complaints in [the Federal Action] and constitute[ed] a complete, full, and final resolution of all claims and complaints of gender discrimination in the Division of Water as it relate[d] to the [plant operator] appointments that were made or could have been made by the Class Members in [this] action[.]" (Doc. No. 36 at 471, ¶ 16.)

*State Action*

On November 5, 2008, Card filed an action in the Cuyahoga County Court of Common Pleas, challenging her termination from the City. (Cuy. Cty. Case No. CV-08-675442 ["State Action"].) Specifically, in the State Action, Card sought review of the City's Civil Service Commission's decision upholding the termination of her employment after she was reported "away without leave resigned." She also alleged that the City interfered with her rights under the Family Medical Leave Act ("FMLA"), and that the City retaliated against her for exercising her rights under the Ohio Worker's Compensation Act.[2]

The state trial court granted the City's motion to dismiss Card's FMLA and workers'

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] On February 2, 2010, Card filed a federal action raising the same FMLA and Ohio workers' compensation retaliation claims first asserted in the State Action. (*See* N.D. Ohio Case No. 1:10CV226, Doc. No. 1, Complaint.) On November 23, 2010, the court stayed the federal action pending resolution of the State Action. (*Id*., Doc. No. 18 (Order Staying Case).) On November 9, 2012, Card filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a). (*Id*., Doc. Nos. 26, 27.)

compensation retaliation claims, and further upheld the commission's judgment affirming the City's decision to terminate Card's employment. *See Card v. City of Cleveland*, 95 N.E.3d 1066, 1071 (Ohio Ct. App. 2017). Card appealed, and the state appellate court remanded the case to the trial court to reconsider its decision on Card's claims upon the filing of the complete administrative record. *Id*. On remand, the trial court found that Card had failed to prove that the City violated her rights under the FMLA and Ohio workers' compensation laws. It found however, that the City violated her procedural due process rights by failing to provide her adequate notice, and that she was entitled to reinstatement, lost wages, benefits, and attorney's fees. *Id*. at 1071–72.

The City appealed, and the state appellate court reversed the trial court's judgment. The court ruled that the City "did not violate Card's procedural due process rights because it provided her notice and an opportunity to be heard prior to her termination." *Id*. at 1078. However, the court also held that the City violated the relevant civil service rule relating to notice. *Id*. Accordingly, the court remanded "the case to the trial court solely for the purpose of determining whether Card would have been terminated even if she had received notice under Civil Service Rule 8.45." *Id*. In a Journal Entry, dated January 16, 2019, the trial court entered judgment for the City, ultimately determining that Card would have been terminated even if she had received notice under Civil Service Rule 8.45, since she was aware that she was expected to substantiate her absences with paperwork. (Cuy. Ct. Comm. Pleas Docket CV-08-675442.)[3]

---

[3]    https://cpdocket.cp.cuyahogacounty.us/CV_CaseInformation_Docket.aspx?q=m2I4fT3WcubqMm97MbC2aw2, last visited Sept. 20, 2019.

*Present Action*

On May 28, 2010, Card filed the present action in federal court.[4] In her complaint, she alleged that the City's decision to terminate her employment was "in significant part in retaliation for pursuing her rights under Title VII [of the Civil Rights Act of 1964], to wit: complaining about race and gender discrimination in hiring and promotions in the Department of Water." (N.D. Ohio Case No. 1:10-cv-1217, Doc. No. 1 ["Compl."] at 1.) She raised claims of retaliation under Title VII and Ohio Rev. Code § 4112.99. (*Id*. at 1–2.)

On September 16, 2010, the Court stayed the present matter pending final resolutions in the State Action and the Federal Action. (Case No. 1:10CV1217, Doc. No. 7 (Order to Stay Proceedings).) In ordering the stay, the Court noted that each of these prior actions "has direct bearing on the instant case before this Court, both as to the predicate facts involved, and as to the legal remedies sought." (*Id*. at 35.) The Court instructed Card's counsel to notify the Court when both the State Action and the Federal Action had been resolved. (*Id*.)

Card did not inform the Court of the entry of final judgment in the State Action. Instead, on July 9, 2019, the City filed a motion to lift the stay of the present litigation, citing the January 9, 2019 decision in the State Action and the 2011 settlement that ended the Federal Action. (Doc. No. 15.) Contemporaneously with the motion to lift the stay, the City filed a motion to dismiss

---

[4] The case was originally assigned to the docket of the Honorable Lesley Wells. On October 6, 2015, the case was reassigned to the docket of the undersigned, pursuant to General Order 2015-12.

4

on res judicata grounds. The Court granted the motion to lift the stay and granted Card leave to respond to the City's dispositive motion. (Non-document Order, Aug. 18, 2019.) Card's attorney subsequently moved to withdraw, citing the fact that Card had "failed to stay in contact with him[,]" including failing to respond to counsel's letter advising her of the City's request to lift the stay. (Doc. No. 17 at 71.)[5] The Court granted counsel's motion to withdraw and further extended Card's time to respond to the City's motion, "after which the Court [would] consider the motion at issue and rule on it." (Non-document Order, Sept. 3, 2019.) As previously mentioned, Card did not file a response.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874-75 (W.D. Mich. 2014) ("court may disregard

---

[5] In his motion, counsel indicated that the correspondence he sent his client via certified and regular U.S. Mail was returned to him unopened. (*Id.*) Though not germane to the Court's determination that the present action is barred by res judicata, the Court notes that a plaintiff in a civil action has a duty to prosecute her case and to keep the Court and her counsel apprised of her current address. *See generally Barber v. Runyon*, 23 F.3d 406 (Table), 1994 WL 163765, at *3 (6th Cir. May 2, 1994).

allegations in the complaint if contradicted by facts established by exhibits attached to the complaint") (quotation marks and citations omitted); *see also Williams v. CitiMortgage, Inc*., 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document") (quotation marks and citation omitted).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In deciding a motion to dismiss under Rule 12, the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule. Indeed, it is well settled that, in ruling on a Rule 12 dispositive motion, a

district court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss).

### III. DISCUSSION

The City seeks Rule 12(b)(6) dismissal asserting that Card's claims are barred under issue and claim preclusion, based upon the prior proceedings in the State Action and Federal Action. "The doctrine of res judicata is often used broadly to encompass both claim preclusion (res judicata) and issue preclusion (collateral estoppel)." *Cedillo v. TransCor Am., LLC*, 131 F. Supp. 3d 734, 740 (M.D. Tenn. 2015) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996)); *see Taylor v. Sturgell*, 553 U.S. 880, 892–93, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). Under issue preclusion, once an issue is actually determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on different causes of action when used against any party to the prior litigation. *Mont. v. United States*, 440 U.S. 147, 153–54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *see Heike v. Cent. Mich. Univ. Bd. of Tr.*, 573 F. App'x 476, 480 (6th Cir. 2014). In contrast, under claim preclusion, "a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented." *Cedillo*, 131 F. Supp. 3d at 740; *see Taylor*, 553 U.S. at 892-93; *Heike*, 573 F.

App'x at 480 (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (quotation marks omitted)). "The purpose of claim preclusion 'is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.'" *Heike*, 573 F. App'x at 479 (quoting *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)).

Federal common law governs the preclusive effect of a prior federal court judgment. *See Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 650 (6th Cir. 2007); *see also* 18B Charles Alan Wright, et al., *Federal Practice and Procedure* § 446 (2d ed. 2011); Restatement (Second) of Judgments § 87 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.") Under the Sixth Circuit's articulation of federal claim preclusion, a claim will be barred by prior litigation if the following four elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

"'Federal courts must [also] give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered.'" *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (quoting *Hosp. Underwriting Grp., Inc. v. Summit Health Ltd.*, 63 F.3d 486, 494 (6th Cir. 1995)). Accordingly, the Court must "look to the law of the rendering state" to determine the preclusive effect of a prior state court judgment. *Id.* (citing *Migra v.*

8

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)). In this case, the Court looks to Ohio law to determine the preclusive effect of the judgment in the State Action.

Like federal law, the concept of res judicata under Ohio law encompasses both claim preclusion and issue preclusion. *Gen. Elec. Med. Sys. Europe v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010) (citing *Taylor*, 553 U.S. at 891–93); *see Doe ex rel. Doe v. Jackson Local Sch. Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011). Also like its federal counterpart, Ohio law identifies four elements for claim preclusion: "'(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Carroll*, 522 F. App'x at 303 (quoting *Hapgood*, 127 F.3d at 393). With respect to the fourth prong, "[t]he Ohio Supreme Court has used the 'logical relation test' to decide whether claims, 'arise out of the same transaction or occurrence[.]'" *Jarvis v. Wells Fargo Bank*, No. 09 CO 6, 2010 WL 2749602, at *7  (Ohio Ct. App. June 30, 2010) (quoting *Rettig Enters., Inc. v. Koehler*, 626 N.E.2d 99, 103 (Ohio 1994)).

The first element of res judicata is clearly met. The State Action ended on January 16, 2019 with a final judgment on the merits against Card. The second element is also satisfied because the present litigation involves the exact same litigants as the State Action.

As for the third element, Card could have included her claims of federal and state

retaliation in the State Action.[6] Both actions were filed *after* Card was terminated from her position with the City. Moreover, at the time she filed the present lawsuit, Card was well aware of the prior complaints she registered with the City over the failure to promote her and the purported retaliation that allegedly resulted, as she cited them in support of her claims in the Federal Action relative to the City's alleged failure to promote her to the position of plant operator. Even if Card had not yet received her EEOC right-to-sue letter when she filed the State Action, she "could have folded" her current retaliation claims into the State Action, for "leave [to amend pleadings] shall be freely given when justices so requires." *Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (citing *Heylinger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 855-56 (6th Cir. 1997)).[7]

With respect to the fourth element, the claims in the present lawsuit arise from the same transaction at issue in the State Action—the termination of Card's employment with the City. Claims involving "the same employment, same supervisor and the same circumstances," but which differ on the legal theory possess "an identity of the causes of action" for res judicata purposes. *See Holder*, 287 F. App'x at 471. While Card elected to divide the claims challenging

---

[6] That the State Action involved an administrative appeal did not preclude Card from raising her constitutional and statutory claims therein. *See, e.g., Krauss v. City of Reading*, 810 F. Supp. 212, 215 (S.D. Ohio 1992) (police officer employee's constitutional claims were barred by the doctrine of res judicata where Ohio court of common pleas had jurisdiction to address these claims in the employee's administrative appeal challenging his discharge for insubordination); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83–85, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) (finding certain constitutional claims not raised in prior state action barred by res judicata, and holding that 42 U.S.C. § 1983 does not guarantee a litigant the right to proceed to court on state claims in state court and then turn to federal court to adjudicate federal claims).

[7] In *Holder*, the plaintiff argued that she could not and should not have litigated her race discrimination claim in her first suit because she had not yet received her EEOC right-to-sue letter when she filed the original action. The Sixth Circuit rejected that argument, noting that "this Court has already found that even where a plaintiff did not obtain a right-to-sue letter prior to final judgment in an earlier, related suit, the plaintiff's second suit is still subject to res judicata because the plaintiff 'could have folded his Title VII claim into his action in state court, for ... leave [to amend pleadings] shall be freely given when justice so requires.'" *Id.* (quoting *Heyliger*, 126 F.3d at 855–56).

10

her termination between two forums, she did so at her peril. *See Hapgood*, 127 F.3d at 494 ("Claim preclusion 'requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.'") (quoting *Nat'l Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) ("It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.")).

The Court concludes that all of the elements of claim preclusion are present in the instant case. The State Action was litigated to a final judgment on the merits. The two actions involve the same parties. The federal and state retaliation claims could have (and should have) been brought in the State Action. Finally, the claims alleged in the present complaint are "logically related" to the claims in the State Action because they "involve many of the same factual issues" and/or are "offshoots of the same basic controversy" between the parties, namely, the City's termination of Card's employment. Thus, under the doctrine of res judicata, Card is barred from prosecuting these claims here.

## IV. CONCLUSION

For the foregoing reasons, the City's motion to dismiss is granted. All claims asserted by Card are dismissed and this case is closed.

**IT IS SO ORDERED**.

Dated: September 23, 2019

                                       **HONORABLE SARA LIOI**
                                       **UNITED STATES DISTRICT JUDGE**